TURNER H. SMITH and another *vs.* DAVID B. BROWN and others.

*Poor debtor's bond.*

A poor debtor's bond, approved by two justices not selected agreeably to R. S., c. 113, §§ 24, 42, is only good at common law.

It is a compliance with the conditions of such a bond to take the oath mentioned therein, though this differ from the one that poor debtors are required to take under the statutes in force at the time it is administered.

If such bond provide for notice to the creditors of debtor's disclosure, but fail to state how it shall be given, service upon one of the creditors is sufficient.

No appraisal of demands, disclosed upon a disclosure under a common-law bond, is necessary, unless required by the terms of the obligation.

The record of the justices hearing such a disclosure held sufficient, though not showing that they were disinterested, or why the creditor did not select one of them, nor where they met, nor that any disclosure was had.

EXCEPTIONS to ruling of Lane, J., of the superior court.

DEBT on poor debtor's bond, given while R. S. of 1857 were in force, but the citation was issued, and disclosure had, after the revision of 1871 went into operation. The plea was the general issue, with brief statement of performance of one of the alternative conditions of the instrument within the time limited therefor. The bond did not state from what court the execution issued, and there was a discrepancy between it and the execution in the amount stated as costs. There was no evidence that the two justices who approved the bond were selected for that purpose, as directed by R. S. of 1857, c. 113, §§ 22, 40 (R. S. of 1871, c. 113, §§ 24, 42). The debtor disclosed before two justices who allowed him to take the oath, without having appraised certain notes and demands disclosed by him, some outlawed and others worthless, and all of little or no value.

No other record of the justices was put into the case, than the filling up by them of the blank usually printed at the bottom of a citation. This was thus filled:

CUMBERLAND, ss.                           March 21, A. D. 1871.

Samuel Clark and Ezekiel W. Mitchell having examined the

above notification and return, and duly cautioned the said David B. Brown, we have administered to him the oath or affirmation allowed in the statute above referred to; and made out a certificate thereof in the form therein prescribed.

SAMUEL CLARK,

Justice of the Peace and of the Quorum, selected by the debtor.

E. W. MITCHELL,

Justice of the Peace and of the Quorum, selected by the officer.

The execution, return thereon, citation and proof of service on Gay, one of the creditors, and the justices certificate of discharge in the form prescribed by law, were also put into the case.

Lane, J., ruled that it was a common-law bond, and that one of its alternative conditions had been performed by the debtor taking the oath nominated in the bond, and the plaintiffs excepted.

*T. H. Haskell*, for plaintiffs, argued that if this were a statute bond, the debtor did not take the proper oath, and that the demands disclosed should have been appraised; if only good at common law, then in order to comply with the condition to " cite the creditors," all should have had notice of the citation; that statute service under a common-law bond was not enough. He made also the other objections answered in the opinion.

*Henry C. Peabody, contra.*

WALTON, J. This is an action on a poor debtor's bond. It was tried by the judge of the superior court for the county of Cumberland, without the aid of a jury. The judge ruled as matter of law, first, that the bond was good at common law; second, that one of the alternative conditions of the bond was fulfilled by the debtor's taking the oath therein nominated. To these rulings the plaintiff excepted.

1. It is claimed that the bond should be treated as a good statute bond. We think not. It was held in *Guilford* v. *Delaney*, 57 Maine, 589, that if the approval of a poor debtor's bond does not show that the justices approving it were selected according to law,

the bond is good only at common law. In this case the bond does not show that the justices were selected according to law. It does not, in fact, show how or by whom either of them was selected. The bond was, therefore, good only at common law, and the ruling to that effect was correct.

2. It is claimed that notwithstanding the bond was given while the Revised Statutes of 1857 were in force, yet, inasmuch as the disclosure did not take place till after the Revised Statutes of 1871 went into effect, the oath and other proceedings should have been under the latter. We think not. If the bond had been strictly a statute bond this claim would be well founded. But it was held in *Randall* v. *Bowen*, 48 Maine, 37, that where a debtor gives a bond which does not conform to the statute, and is, therefore, good only at common law, a forfeiture is saved if he takes the oath therein named, notwithstanding a new statute, changing the form of the oath, is in force before the oath is taken.

3. It is claimed that notice to the creditors of the time and place of the disclosure was not sufficient, because the citation was served on only one of them. We think the notice was sufficient. It was in accordance with the requirements of the statutes in force when the bond was given; and also of the statutes in force at the time the citation was served; for, in this particular, no change in the statutes has taken place. Under either, a service upon one of the creditors, if there be more than one, is sufficient. R. S. of 1857, c. 113, § 24; R. S. of 1871, c. 113, § 27. We think it is immaterial, so far as the service of citation is concerned, whether the bond is a valid statute bond, or a bond good only at common law. The bond being silent as to how the creditors were to be notified, notice according to the statute in force at the time the bond was given, and also according to the statutes in force at the time the citation was served, was, in our judgment, sufficient.

4. It is claimed that the conditions of the bond have not been fulfilled, because the debtor disclosed notes and accounts which were not appraised and secured to the creditors, as required by the statute. This claim would be well founded if the bond in suit

could be regarded as a valid statute bond. But it was held in *Clark* v. *Metcalf*, 38 Maine, 122, that in fulfilling the conditions of a poor debtor's bond, which is good only at common law, the debtor is under no obligation to perform any other of the statutory provisions than those named in the bond; and that a disclosure of notes which are not appraised and secured to the creditor, as required by the statute, does not constitute a breach of the bond, where no such appraisal and assignment are therein provided for. No such appraisal or assignment is provided for in this bond. None were therefore required in order to fulfill its conditions.

5. It is claimed that the record of the justices does not show that they were disinterested, nor why the creditors did not select one of them, nor where the disclosure was had, nor that any disclosure was had. The record is in all these particulars as full as the record in *Randall* v. *Bowen*, before cited; and as the record was there held sufficient, we perceive no reason why this record should not be held sufficient. We think it must be.

We have now examined all the objections to the rulings of the judge of the superior court to which our attention has been called. We think none of them are valid. *Exceptions overruled.*

*Judgment for defendant.*

APPLETON, C. J.; CUTTING, DICKERSON, and DANFORTH, JJ., concurred.